RECEIVED

JUN 1 3 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| HARRY L. BATISTE | CIVIL ACTION NO.: 06-1352 |
| VERSUS | JUDGE DOHERTY |
| JOHN BONIN, ET AL | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Currently pending before the Court is a "Motion to Dismiss Under Rule 12(b)(4)" (insufficiency of process) [Doc. 17-1], filed by defendant, the Lafayette City-Parish Consolidated Government ("the City"), wherein the City seeks dismissal of plaintiff's claims against "The Lafayette Chief of City of Lafayette" and/or the Chief of Police of the Lafayette Police Department on the following grounds: (1) there is no such office or position of "The Lafayette Chief of City of Lafayette"; and (2) the Chief of Police of Lafayette (to the extent plaintiff has attempted to name that entity) is not a juridical entity capable of being sued.[1] The motion is opposed by plaintiff. All

---

[1] Although the City has brought its motion pursuant to 12(b)(4), it is apparent from the City's second argument noted above, it is additionally seeking dismissal of the above claims pursuant to Fed. R. Civ. P. 12(b), based on the above-listed entities' lack of capacity to sue or be sued. Although Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued:

> Federal courts. . .traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes, . . .such as motions raising. . .a lack of capacity to sue or be sued. ...
>
> The courts have not attempted to justify allowing the capacity defense to be raised by a Rule 12(b) motion and apparently pay no attention to the directive in the second sentence in Rule 9(a) that a party who wishes to raise an issue of capacity "shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2004). The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued. *See e.g.*,

briefing has been completed and the motion has been taken under advisement by the Court.

I.  **Background**

Plaintiff, Henry L. Batiste, alleges on August 26, 2005, he was walking near Kaliste Saloom Road, in Lafayette, Louisiana when he was struck by a Sabine Pool & Spa delivery truck. Plaintiff states he called 911 to report the accident, and while speaking to the police dispatcher, the driver of the delivery truck left the scene. Plaintiff states he was taken to University Medical Center ("UMC") "after [he] gave written police report, Officer Bonin." [*sic*]. [Doc. 1, p.1]

Plaintiff is representing himself *pro se*. Although plaintiff's hand-written Complaint is unclear at times, he appears to allege Officer Bonin violated his 14th Amendment rights "of equal portactian" [*sic*] and due process by not providing plaintiff with a police report. Plaintiff seeks monetary relief for injuries he alleges he incurred due to his inability to obtain a police report documenting the hit-and-run. More specifically, plaintiff alleges because he was deprived a copy of the police report, three attorneys "quit."[2] [Doc. 1, p.3] It seems plaintiff also argues because he had no medical insurance at the time of the alleged accident, and because he was unable to obtain legal relief against Sabine Pool & Spa (due to his inability to obtain a police report), he was unable to pay for medical care. Finally, plaintiff alleges due to his inability to obtain medical care, he will have to pay for permanent (but unspecified) injuries.

The caption of the Complaint names as defendants, "Officer John Bonin in his official capacity and his individual, and, also the Administrator Official who make official Policy, for the

---

Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991). Thus, this Court will address defendant's motion to dismiss, pursuant to Rule 12(b), based on a lack of capacity to be sued.

[2] The Court presumes plaintiff argues three attorneys either declined or terminated representation of plaintiff in this lawsuit.

Lafayette Police Depart. in there official capacity and in there individual capacity et Al." [*sic*] In the text of the Complaint, plaintiff states his rights were violated by "officer Bonin, while acting in his official capacity, and so, also the Administrators who create Police Policies that volate the rights of United States citizen." [*sic*] The last page of the Complaint names "Officer John Bonin and The Lafayette Police Administrator over Police Policy Et. Al." [*sic*] Plaintiff addressed the summons in this matter to "The Lafayette Chief of City of Lafayette."

## II.     Law and Argument

Defendant's first argument is plaintiff's claims against "The Lafayette Chief of City of Lafayette" should be dismissed as there is no such person or office with that title. Defendant argues because the summons was addressed to a non-existent entity, service of process was insufficient. In the ordinary course of litigation, defendant would be correct. However, as this matter involves a plaintiff who is representing himself *pro se*, some latitude must be afforded plaintiff with regard to his technical legal knowledge and ability to draft legal documents. When a claim is prosecuted *pro se*, the Court is obligated to liberally construe the pleadings filed by the non-lawyer and refrain from holding him or her to the same standards of knowledge and presentation normally imposed upon an attorney. *See, e.g.*, Haines v. Kerner, 404 U.S. 519 (1972); Barksdale v. King, 699 F.2d 744 (5th Cir. 1983). Here, defendant received notice of the lawsuit and is likely correct in assuming plaintiff intended to name the "Chief of Police of Lafayette" when naming "The Lafayette Chief of City of Lafayette." Under these circumstances, dismissal for insufficient service of process would be inequitable and inappropriate.

However, defendant's alternative argument for dismissal is more persuasive: assuming plaintiff intended to name the "Chief of Police of Lafayette", such a party lacks the capacity to sue

or be sued, "[b]ecause LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, is a local government subdivision of the State of Louisiana ruled by a Home Rule Charter, [and therefore,] its agencies, departments and department directors are not juridical entities." [Doc. 17-2, p.2 (citing City Council of the City of Lafayette v. Bowen, 649 So.2d 611 (La.App. 3 Cir. 1994))]

"The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" Darby, 939 F.2d at 313. (citing Fed. R. Civ. P. 17(b)). Thus, this Court will look to Louisiana law to determine whether the Lafayette Chief of Police (or even the Lafayette Police Department) is an entity capable of being sued.

Louisiana Civil Code Article 24 provides:

There are two kinds of persons: natural persons and juridical persons.

A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership. The personality of a juridical person is distinct from that of its members.

The law grants juridical persons "the power to participate in legal life by the attribution of legal personality." Brown v. State Farm Fire & Cas. Co., 804 So.2d 41, 45 (La.App. 1st Cir. 2001)(citing Prof. A.N. Yiannopoulos, Louisiana Civil Law System § 48 (1977)). While 'natural persons' enjoy general legal capacity to have rights and duties, "a 'juridical person,' conversely, as a creature of the law and by definition, has no more legal capacity than the law allows." Id. (citing Yiannopoulos at § 53).

This Court's independent research has not found a Louisiana Supreme Court case (or a federal Fifth Circuit case) ruling whether any Louisiana police department (and more particularly,

the Lafayette Police Department or its Chief) is a juridical person that can sue or be sued.[3] However, the Louisiana Supreme Court has set forth the analysis to be used to determine whether juridical persons in general may be sued. Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341 (La. 1994). In Roberts, the court stated:

> The determination that must be made in each case is whether the entity can appropriately be regarded as an additional or separate government unit for the particular purpose at issue. *In the absence of positive law to the contrary*, a local government unit *may* be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. *Id.* at 346-47 (emphasis added).

The Roberts Court focused its analysis on the independent management, financing, and operations of the Sewerage and Water Board, and ultimately concluded the board was an entity capable of being sued. Id. at 352.

In this matter, defendant has provided little, if any, evidence by which this Court could conduct a Roberts analysis in order to determine whether the Lafayette Police Department is a

---

[3] This Court notes the Louisiana Third Circuit Court of Appeal has ruled the Breaux Bridge Police Department is not a juridical entity capable of being sued under the reasoning of Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341 (La. 1994). The court explained that under the Lawrason Act (Breaux Bridge is a Lawrason Act municipality), the mayor of the municipality is the chief executive officer, and legislative powers are vested in the board of aldermen. "Although by law the chief of police has plenary power with regard to law enforcement within the municipality and in the operation of his department, the Police Department is dependent on [the municipality] in other respects," including budget appropriations and control of personnel. Dugas v. City of Breaux Bridge Police Dept., 757 So.2d 741, 743-744 (La. App. 3 Cir. 2000). The court concluded the police department did not have the legal capacity to be sued.

Numerous federal district courts sitting in Louisiana have also addressed the issue as to other Louisiana municipalities. *See e.g.*, Conner v. Gusman, 2007 WL 1428749 (E.D.La. 2007); Ware v. Morehouse Parish Det. Center, 2007 WL 1108920 (W.D.La. 2007).

5

juridical person with the capacity to be sued.[4] However, defendant does cite <u>City Counsel of City of Lafayette v. Bowen</u>, 94-548 (La. App. 3 Cir. 11/2/94), 649 So.2d 611, to support its assertion the Lafayette Police Department and its police chief are not juridical entities and are therefore incapable of being sued. In <u>Bowen</u>, the Lafayette City Council filed suit against the Mayor of Lafayette (now titled the "President of the Lafayette City-Parish Consolidated Government"), alleging the illegitimate use of city funds. <u>Id</u>. at 612. At issue was whether or not the City Council was a juridical entity with the capacity to sue or be sued. <u>Id</u>. at 613. The Court noted the City of Lafayette was governed by a Home Rule Charter, authorized by Article VI, Section 4 of the Louisiana Constitution of 1974. <u>Id</u>. at 615. The Court stated:

> The City Council is the legislative branch and governing authority of the City of Lafayette. As such, it is vested with all powers of the city except those which are otherwise provided by law or by the Charter. However, it is not "an additional and separate government unit" with the power to institute litigation on its own behalf. The City Council is a branch or part of the greater corporate body politic or juridical entity, the City of Lafayette. The Charter (organic law), which clearly grants the City Council broad powers, restricts the City Council's legal capacity to exercise such powers by establishing it as the legislative branch of the city government. In this capacity, the City Council may only exercise its powers as an agency or division of

---

[4]Defendant has not submitted the Home Rule Charter ("the Charter") for the Lafayette City-Parish Consolidated Government with his motion. Typically, failure to provide the Charter would be grounds for dismissal for failure to carry the burden of proof, particularly as the Home Rule Charter is not published by Westlaw, Lexis or any other publications to which this Court has ready access. However, after conducting independent research, the Court has determined it may take judicial notice of the Charter. See *e.g.*, <u>Matter of Waller Creed, Ltd.</u>, 867 F.2d 228, n.14 (5th Cir. 1989)(Court may take judicial notice of a city ordinance despite it not having been introduced into the record, as the power of a federal court to take judicial notice of legislative facts is less constrained than its power to take notice of adjudicative facts.); <u>Cinel v. Connick</u>, 15 F.3d 1338, n.6 (5th Cir. 1994)(In considering a 12(b)(6) motion, a court may refer to matters of public record, and doing so does not convert the motion into one for summary judgment.) Accordingly, the Court takes judicial notice of the Home Rule Charter for the Lafayette City-Parish Consolidated Government (3rd Printing September 2005). One may obtain a copy of the Charter either by contacting the City or on the internet at www.lafayettela.gov/pdf/Council/HomeRuleCharter.pdf. The Charter is additionally available in the Lafayette City-Parish Consolidated Government Code of Ordinances, published by the Municipal Code Corporation.

the greater city government. Id. at 616.

Similarly, this Court, following a review of the current version of the Lafayette Home Rule Charter, finds the Chief of Police of Lafayette is the Director of the Lafayette Police Department (an administrative department listed in Article IV of the Home Rule Charter), and is entirely under the direction and supervision of the President of the Lafayette City-Parish Consolidated Government. See Lafayette, La., Home Rule Charter for the Lafayette City-Parish Consolidated Government, Art. III § 3-09A(2)(3) (the President may appoint, suspend or remove all City-Parish Government employees; the President shall direct and supervise the administration of all departments, offices and agencies of the City-Parish Government); Art. IV §§ 4-01A (all departments, offices and agencies are under the direction and supervision of the President, and the directors of all departments are appointed by and serve at the pleasure of the President), 4-13A (the chief of police shall be appointed by the President). Due to the foregoing, this Court finds the Lafayette City-Parish Police Department does not exist independent of the Lafayette City-Parish Consolidated Government and is not a juridical entity with the procedural capacity to sue or be sued. Rather, the police department is an administrative division under the direction and supervision of the President of the Lafayette City-Parish Consolidated Government.

Of additional import, the Roberts court notes a governmental entity may be deemed a juridical person "in the absence of positive law to the contrary." Roberts, 634 So.2d at 346-47. In this matter, there is positive law to the contrary by way of the Home Rule Charter of the Lafayette City-Parish Consolidated Government. A review of that charter makes it evident the Lafayette Police Department is an office operated by an elected official, the President of the Lafayette City-Parish Consolidated Government, who derives his authority from a Home Rule Charter authorized

by the Louisiana Constitution. See LA Const. Art. VI, § 5. Thus, the Court finds the Lafayette Police Department and its Chief of Police do not have the legal capacity to be sued.

### III. Conclusion

Due to the foregoing, the Motion to Dismiss filed by the defendant is GRANTED. However, plaintiff is hereby GRANTED LEAVE TO AMEND his Complaint to name the proper defendant; *i.e.*, the Lafayette Police Department through the Lafayette City-Parish Consolidated Government.[5]

THUS DONE AND SIGNED in Lafayette, Louisiana, this __13__ day of ____Jun____, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes Article III § 7-01 of the Home Rule Charter states: "Legal process against the City-Parish Government shall be served upon the President or, in his absence, upon the presiding officer of the Council."

8